Law Offices of Gregory Messer
Proposed Attorneys for 1494-1496 CIA LLC
*Debtor-in-Possession*
26 Court Street, Suite 2400
Brooklyn, NY 11242
(718) 858-1474
Joel Alan Gaffney

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| 1494-1496 CIA LLC, | Case No: 14-43767-nhl |
| Debtor. | |

-----------------------------------------------------------X

## NOTICE OF MOTION
## FOR AUTHORIZATION TO USE CASH COLLATERAL

C O U N S E L:

**PLEASE TAKE NOTICE** that the Debtor will move before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, on **September 10, 2014 at 10:30 a.m.** in the United States Bankruptcy Court, Courtroom 2529, United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York 11201, or as soon thereafter as counsel may be heard, for an Interim Order authorizing the Debtor to use cash collateral pursuant to the attached proposed interim order, and for such other and further relief as this Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE** that response or objections, if any, to the Motion must (i) be in writing, (ii) conform to the Bankruptcy Rules, Local Bankruptcy Rules and General Orders, (iii) specify the name of the objecting party, and state with specificity the basis of the objections(s) and the specific grounds therefore, and (iv) be filed with the Court electronically, with a courtesy copy to the Honorable Nancy Hershey Lord's chambers, and (v) simultaneously served upon Gregory M. Messer, Esq., counsel for the Debtor, at 26 Court Street,

Suite 2400, Brooklyn, New York 11242 so as to be received no later than 5 days prior to the hearing date as set above.

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and received by the Court, the Court may grant the relief requested herein.

**PLEASE TAKE FURTHER NOTICE** that the hearing may be adjourned from time to time without further notice other than the announcement of such adjournment in open court or by posting of such adjourned date on the Court's calendar on the aforementioned date.

**PLEASE TAKE FURTHER NOTICE** that you need not appear at the Hearing if you do not object to the relief requested in the Motion.

Dated: Brooklyn, New York
       August 25, 2014

                         Respectfully submitted,

                         Law Office of Gregory Messer
                         Attorney for the Debtor

By:      ***/s/ Joel Alan Gaffney***
                         Joel Alan Gaffney
                         26 Court Street, Suite 2400
                         Brooklyn, New York  11242
                         Tel: (718) 858-1474
                         Fax: (718) 797-5360

Law Offices of Gregory Messer
Proposed Attorneys for 1494-1496 CIA LLC
*Debtor-in-Possession*
26 Court Street, Suite 2400
Brooklyn, NY 11242
(718) 858-1474
Joel Alan Gaffney

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hearing Date: September 10, 2014 |
| EASTERN DISTRICT OF NEW YORK | Hearing Time: 10:30 a.m. |
| ------------------------------------------------------------X | |
| In re: | Chapter 11 |
| 1494-1496 CIA LLC, | Case No: 14-43767-nhl |
| Debtor. | |
| ------------------------------------------------------------X | |

## MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL

TO:   THE HONORABLE NANCY HERSHEY LORD
      UNITED STATES BANKRUPTCY JUDGE

1494-1496 CIA, LLC, as debtor and debtor-in-possession (the "Debtor"), by its counsel herein, the Law Office of Gregory Messer, in this chapter 11 case, respectfully submits this Motion (the "Motion") to the Court for an Order, pursuant to section 363(c) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "Rules"), authorizing the Debtor for the use of rents obtained from the lease of the Debtor's real estate (the "Rent Collateral"). In support of the Motion, the Debtor respectfully represents as follows:

1. The Debtor owns the real property and improvements thereon located at 1494 and 1496 Coney Island Avenue, Brooklyn, New York ("Property"), which it operates as landlord pursuant to four residential leases and one commercial lease. The Debtor anticipates revenues on a monthly basis in the approximate amount of $13,450 which represents the rent roll for the Property. Effective as of the Petition Date, the rents that have been collected, if any, and the

rents that will be collected on a going forward basis may constitute "Cash Collateral" as defined in the Bankruptcy Code.

2. On July 24, 2014 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor has continued in the management of its business and operation of its affairs and properties as a debtor and debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed, and upon information and belief, no official committee of unsecured creditors has been formed.

3. Debtor as debtor-in-possession has the powers and duties of a trustee in accordance with 11 U.S.C. § 1108 and is authorized to continue in the operation of its business and the management of its property.

4. CXA-16 Corporation (the "First Mortgagee") claims an interest in the Rent Collateral by virtue of assignment of a pre-petition judgment of foreclosure in the amount of **$1,423,661.43** as of December 19, 2012. Chris Fountoukis, Georgia Fountoukis, Margaret Molinelli, and Josephine Licata (collectively, the "Secondary Mortgagee" and, collectively with First Mortgagee, the "Secured Creditors") have an interest in the Rent Collateral junior to that of the Frist Mortgagee through the assignment-of-rents clause in their mortgage, in the approximate amount of **$255,000.00**.

5. Currently the Debtor has insufficient cash other than Cash Collateral to meet ongoing obligations necessary to operate its business.  Specifically, without the use of Cash Collateral, the Debtor cannot maintain its business.  Built into the Debtor's need for use of Cash Collateral is the requirement to pay its ongoing operating expenses, including property maintenance and repairs, construction, utilities, property and liability insurance, taxes and debt service.  The

Debtor has an immediate need to pay secured creditors approximately $12,000 per month.

6. Without the authority to utilize Cash Collateral, the Debtor will not be able to properly manage its property and operate its business. The consequences of leaving the Debtor without access to its cash on hand and its anticipated rental income will have a material adverse effect on the Debtor's estate, tenants, and creditors.

7. The Debtor intends to use the Cash Collateral, which amounts to approximately $138,500.00 in cash and additional revenue of approximately $13,450 per month, to pay post-petition expenses as they come due, to make adequate protection payments (if any are required) to both of the Secured Creditors, and, ultimately, to fund its plan of reorganization (the "Plan"). A copy of the Debtor's 12-month cash flow projections is annexed hereto as **Exhibit A**.

8. Based upon the Debtor's operating projections for the next ninety (90) day period, the Debtor will operate at a profit or, if not operating at a profit will have losses small enough that the Secured Creditors' interest in the Rent Collateral and the Property will not be impaired. The Debtor requests authority to use Cash Collateral through June 1, 2015, at which point the Debtor's authorization shall cease, unless the Debtor obtains the Court's consent to an extension.

9. The Debtor has made reasonable efforts to secure the agreement of the Secured Creditors to its use of cash collateral, but the First Mortgagee would not agree to any payments to the Second Mortgagee without a court order, so the Debtor was forced to bring this motion. Because the Second Mortgagee would be able to obtain relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(3) if the Debtor made no payments to it before the 90th day after the Filing Date, payments to the Second Mortgagee are necessary for an effective reorganization and to preserve the value of the Property and the Rent Collateral for all interested parties, including the Secured Creditors.

10. According to the terms of the proposed order, the First Mortgagee will receive a senior security interest in the Rent Collateral, subject to carve-outs for payment of professional fees and payment to unsecured creditors. According to the terms of the proposed order, the Second Mortgagee will receive a second-position security interest in the Rent Collateral, subject to carve-outs for payments of professional fees and payments to unsecured creditors. The Debtor will not make any payments exceeding $5,000 without the prior written approval of the Secured Creditors.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order substantially in the form of the proposed order attached to this Motion, and grant such other and further relief as is just and proper.

Dated: Brooklyn, New York
      August 25, 2014

Respectfully submitted,

Law Office of Gregory Messer
*Attorneys for the Debtor*

By:     */s Joel Alan Gaffney*
      Joel Alan Gaffney
      26 Court Street, Suite 2400
      Brooklyn, NY 11242
      (718) 858-1474