UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                      Chapter 11

1494-1496 CIA, LLC,                                              Case No: 14-43767-nhl

                              Debtor.
-------------------------------------------------------------X

## 1494-1496 CIA, LLC'S PLAN OF REORGANIZATION, DATED OCTOBER 22, 2014

### ARTICLE I
### SUMMARY

       This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of 1494-1496 CIA, LLC (the "Debtor") from funds saved during the course of this case and future rents received from the operation of its properties.

       This Plan provides for three classes of secured claims; one class of unsecured claims; and one class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100 cents on the dollar. This Plan also provides for the payment of administrative and priority claims in full on the effective date, except to the extent that a holder of such claim has agreed to other treatment.

       All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 2.01a | <u>Class 1a</u> | The claim of CXA-16 Corporation, to the extent allowed as a secured claim pursuant to § 506 of the Code. |
| 2.01b | <u>Class 1b</u> | The claim of Chris and Georgia Fountoukis, to the extent allowed as a secured claim pursuant to § 506 of the Code. |
| 2.01c | <u>Class 1c</u> | The claim of Josephine Licata and Margaret Molinelli, to the extent allowed as a secured claim pursuant to § 506 of the Code. |

2.03    <u>Class 3</u>    All unsecured claims allowed pursuant to § 502 of the Code.

2.04    <u>Class 4</u>    Equity interests of the Debtor.

**ARTICLE III**
**TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,**
**U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS**

3.01    <u>Unclassified Claims.</u>

        Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    <u>Administrative Expense Claims.</u>

        Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan (as defined in Article VIII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    <u>Priority Tax Claims.</u>

        Each holder of a priority tax claim will be paid in full in monthly payments ending on or before July 23, 2019.

3.04    <u>United States Trustee Fees.</u>

        All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

**ARTICLE IV**
**TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN**

4.01    Claims and interests shall be treated as follows under this Plan:

| **Class** | **Impairment** | **Treatment** |
|---|---|---|
| Debtor's Counsel's Allowed Fees in Excess of Retainer | Impaired per agreement | The Debtor's attorney has agreed to accept any allowed fees in excess of the retainer already collected in monthly payments over the course of one year. |

| | | |
|---|---|---|
| Class 1a – Secured Claim of CXA-16 Corporation | Unimpaired | Class 1a is unimpaired by this Plan. The entire pre-judgment default will be cured on the Effective Date, and the original terms will be reinstated pursuant to § 1124(2). |
| Class 1b – Secured Claim of Chris and Georgia Fountoukis | Unimpaired | Class 1b is unimpaired by this Plan. The entire allowed claim will be paid in full on the Effective Date. |
| Class 1c – Secured Claim of Josephine Licata and Margaret Mollinelli | Unimpaired | Class 1c is unimpaired by this Plan. The entire allowed claim will be paid in full on the Effective Date. |
| Class 3 –Class of General Unsecured Creditors | Unimpaired | Class 3 is unimpaired by this Plan because it will be paid in full on the Effective Date. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   Disputed Claim.

    A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02   Delay of Distribution on a Disputed Claim.

    No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03   Settlement of Disputed Claims.

    The Debtor will have the power and authority to settle and

compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01   Assumed Executory Contracts and Unexpired Leases.

(a)   With the exception of the unexpired lease with My Golan, Inc., which the Debtor assumes as modified on July 25, 2014, the Debtor assumes all executory contracts and unexpired leases included in Schedule G upon the date of the entry of the order confirming this Plan. Confirmation of this Plan shall constitute a finding that any default under any of those contracts has been cured.

(b)   The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01   Retention by the Debtor of Property of the Estate

All property listed in Schedules A and B will be retained by the Debtor, as will all property acquired during the course of this case. Proceeds from that property will be used to fund the obligations created by the Plan.

7.02   Satisfaction and Modification of Liens

All liens held by a Class of claims that is Impaired under this Plan shall be satisfied upon confirmation of this Plan, and replaced by such liens as are described in this Plan. The Debtor shall file a copy of this Plan, and any mortgage tax required for such filing shall be considered a prepayment on such Impaired claim.

7.03   Cure of Default

Upon the entry of an order confirming this Plan, any and all defaults the Debtor may have made before such date shall be

conclusively deemed to have been cured.

7.04 <u>Modification of Charter</u>

To the extent necessary, the Debtor's articles of incorporation, bylaws, and other operative documents regarding the Debtor's structure, shall be amended to conform with § 1123(a)(6) of the Code, and the entry of an order confirming this Plan shall constitute such amendment, whether or not such amendment is formally memorialized by any subsequent act of the Debtor.

## **ARTICLE VIII GENERAL PROVISIONS**

8.01 <u>Definitions and Rules of Construction.</u>

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02 <u>Effective Date of Plan.</u>

The Effective Date of this Plan is the last business day of the month in which the Debtor collects on its state court judgment against the owner of the neighboring property. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03 <u>Severability.</u>

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 <u>Binding Effect.</u>

The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 <u>Captions.</u>

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06   Controlling Effect.

Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of New York govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX DISCHARGE

9.01   Discharge.

On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

Respectfully submitted,

By:   *s/ Zina Yevdeyev*              The Plan Proponent
         Zina Yevdeyev, Member
         1494-1496 CIA, LLC

By:   *s/ Joel Alan Gaffney*       Attorney for the Plan Proponent
         Joel Alan Gaffney
         Law Offices of Gregory Messer
         26 Court Street, Suite 2400
         Brooklyn, New York 11242